HANFORD W. KERR *et al., Appellants,* v. CORYDON W. KERR *et al., Appellees.*

No. 17,186.

HEADNOTE BY THE REPORTER.

WILLS—*Setting Aside—Undue Influence.* In an action to set aside a will on the ground of undue influence the evidence held to support a finding upholding the will.

Appeal from Wyandotte court of common pleas. Opinion filed July 7, 1911. Affirmed.

*Stephen H. Allen,* and *Charles H. Nearing,* for the appellants.

*O. L. Miller, H. L. Alden,* and *J. L. Smalley,* for the appellees.

*Per Curiam:* The action in the district court was one to set aside the will of Sarah W. Kerr on the ground of undue influence exerted by her sons, Corydon and Lester Kerr. At the first trial a demurrer was sustained to the plaintiff's evidence. In the case of *Ginter v. Ginter,* 79 Kan. 721, it was held that in such a contest the plaintiff is not limited to the bare facts which he may be able to adduce, but he is entitled to the further benefit of all inferences which may legitimately be drawn from established facts. Since it is not the province of the court on a demurrer to the evidence to weigh fact against fact or to determine which one of several fair inferences may be drawn from the

proved facts, the judgment was reversed and the cause was remanded for a new trial. (*Kerr v. Kerr*, 80 Kan. 83.)

At the second trial the court found all the material facts in favor of the contestees, and the plaintiffs again appeal. The findings of fact are sufficiently sustained by the evidence. It would serve no useful purpose to state at length the contentions of the plaintiffs and then to show from the voluminous abstracts how the findings may be justified so as to place them beyond interference by this court. Therefore the court will content itself with announcing its conclusions and making a few additional observations.

Very little complaint is made concerning the admission and rejection of evidence. The bit of testimony referred to in the first claim of error is quite insufficient to work a reversal in view of the fullness with which the subject to which it relates was investigated. It was perfectly competent for the Kerrs to say that they had no transactions with the testatrix relating to the will. The specific answers to this effect were stricken out by the court after all the testimony had been introduced and consequently are not the subject of further complaint on the part of the appellants. The remaining testimony of the Kerrs concerning their relation to the preparation and execution of the will was competent, relevant and material. It was likewise competent for Smalley to tell who gave him the data for the will and whose instructions he followed in preparing it. The purpose was not to obtain a disclosure of confidential communications, and none was disclosed. The purpose was to prove the absence of dictation by the Kerrs, and for that purpose the evidence was competent, relevant and material. The court was well within its rights when it confined the cross-examination of the Kerrs to the matters covered by the direct examinations. The position of the witnesses respecting those matters was fairly tested, and since no

suggestion is made of any specific end which might have been attained had the examination been pressed further, material error is not made to appear.

The evidence is conclusive that Corydon and Lester Kerr were not present when the will and codicil were executed. If they dominated the transactions their influence must have been exerted earlier. The only direct and positive proof on the subject is that they were not consulted beforehand concerning the making of either the will or the codicil, had no conversation with the attorney for the testatrix respecting the preparation or the contents of the instruments, and were not aware of their existence until after they had been executed. When the plaintiffs rested their case they had evidently exhausted all the proof at their command, and they had failed to trace any provision of the will or codicil to pressure brought to bear upon the testamentary act by either of the persons charged with exercising undue influence. On the other hand, there was much evidence regarding the capacity, character, conduct and relations of the testatrix, and of her husband, who consented to her acts, showing that they were under no constraint whatever, much less the kind of constraint necessary to make influence undue in the eye of the law. Under these circumstances the only hope of the contestants lay in shifting the burden of proof. When carefully analyzed the evidence warrants the fourteenth finding of fact, does not sustain the contention of the plaintiffs that the testatrix and her husband were virtually wards under the guardianship of their two sons, and consequently is insufficient to cast upon the defendants the burden of sustaining the voluntary character of the will.

The rules of law governing an inquiry into the matter of undue influence upon the testamentary disposition of property are stated at considerable length in the case of *Ginter v. Ginter*, 79 Kan. 721. The plaintiffs practically ignore this decision, although it governs all

Kerr v. Kerr.

the principal features of this case. The court is entirely satisfied with the views there expressed.

Little more need be said. It is not specially important to the plaintiffs if Corydon and Lester Kerr are accountable to the executor for money and property secured from the testatrix, provided the will be unassailable for undue influence practiced by them. It may be remarked, however, that there is no presumption that they have in their possession the proceeds of the sale of property which the testatrix formerly owned or of mortgages which she owned, and the burden did not rest upon them to disprove the fact. So far as that matter was material the burden rested on the plaintiffs, as did the burden of showing failure to comply with the provisions of the conditional deeds. As before stated, the evidence will not be discussed here at length, but from the whole record it may be said that the plaintiffs did no more than furnish the basis for a conjecture that the will was "a link in a chain" whose length was extended by undue influence. Two trial judges have declined to draw such an inference of fact, and this court declines to do so in opposition to express findings of fact to the contrary.

The judgment is affirmed.